IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**UNITED STATES OF AMERICA,**

    **Plaintiff,**

    **v.**　　　　　　　　　　　　　　　　　Case No. 13-20125-18-JAR

**MANUEL LOPEZ-DEHARO,**

    **Defendant.**

## MEMORANDUM AND ORDER

This matter comes before the Court upon consideration of Defendant Manuel Lopez-Deharo's Motion For Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) (Doc. 505). For the reasons explained below, the motion is denied.

On October 21, 2015, Defendant pled guilty pursuant to Fed. R. Crim. P. 11(c)(1)(C) to one count of aiding and abetting the possession with the intent to distribute and distribution of methamphetamine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C) and 18 U.S.C. § 2.[1] In anticipation of sentencing, the United States Probation Office prepared a Presentence Investigation Report ("PSR"), which determined that Defendant was responsible for 4.5 kilograms or more of ice methamphetamine, resulting in a base offense level of 38.[2] Defendant was assessed a four-level increase for his role in the offense as an organizer or leader of a criminal activity that involved five or more participants pursuant to U.S.S.G. § 3B1.1(a),[3] and a three-level decrease for acceptance of responsibility, resulting in a total offense level of 39.[4]

---

[1] Doc. 395.
[2] Doc. 429 at ¶ 61.
[3] *Id.* at ¶ 64.
[4] *Id.* at ¶ 70.

1

Defendant's criminal history was I, resulting in a Guidelines range of 262 to 327 months.[5] Neither party objected to the PSR.

On January 26, 2016, the Court sentenced Defendant to 60 months' imprisonment, as the parties agreed in the Rule 11(c)(1)(C) plea agreement.[6] Defendant did not file a direct appeal in this matter. On December 12, 2016, Defendant filed the instant motion, seeking a sentence reduction under Amendment 794 and § 3582(c)(2).

Defendant requests the Court grant him a minor role reduction under Amendment 794, which was effective November 1, 2015, but does not suggest what his new sentence should be. Amendment 794 was incorporated into the 2015 edition of the United States Sentencing Guidelines, upon which the PSR relied when calculating Defendant's imprisonment range.[7] Defendant is not eligible for a § 3582(c)(2) sentence reduction because the Court sentenced him after Amendment 794's effective date. Section 3582(c)(2) allows a court to reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has *subsequently* been lowered by the Sentencing Commission."[8] In other words, § 3582(c)(2) authorizes a sentence reduction only in cases where an amendment to the Sentencing Guidelines became effective after a defendant was sentenced. The Guidelines reinforce this point by instructing courts to "determine the amended guideline range that would have been applicable to the defendant if the amendment(s) to the guidelines . . . *had been* in effect at the time the defendant was sentenced."[9] Thus, because Defendant was sentenced after

---

[5]*Id.* at ¶ 112.

[6]Doc. 435.

[7]Doc. 429 at ¶ 60; *see* U.S.S.G. § 3B1.2, Historical Note (2015).

[8]18 U.S.C. § 3582(c)(2) (emphasis added).

[9]U.S.S.G. § 1B1.10(b)(1) (2016) (emphasis added); *see also Freeman v. United States*, 564 U.S. 522, 530 (2011) (noting that U.S.S.G. § 1B1.10(b)(1) "seeks to isolate whatever marginal effect the *since rejected* Guideline had on the defendant's sentence") (emphasis added).

Amendment 794 to the Sentencing Guidelines became effective, that Amendment may not be the basis for a § 3582(c)(2) motion.[10]

**IT IS THEREFORE ORDERED BY THE COURT** that Defendant Manuel Lopez-Deharo's Motion For Reduction of Sentence Pursuant to 18 U.S.C. § 3582(c)(2) is DENIED.

**IT IS SO ORDERED.**

Dated: March 13, 2017

S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[10] Although the Court need not address Defendant's argument that Amendment 794 is retroactive, it does note that assuming it is, he would still be ineligible for a sentence reduction, as the record indicates that he played a leadership role in the offense, rather than a minor role. Moreover, he was sentenced outside the Guideline range pursuant to a Rule 11(c)(1)(C) plea agreement, receiving a sentence over 200 months below the low end of the applicable Guideline range; any reduction under Amendment 794 based on a minimal role in the offense would not have altered his actual sentence.